UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV

STATE CASE NO: CACE 20-010175 (21)

ANDREA DIMARCO,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.

_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION, by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441 and § 1446, hereby gives notice of the removal to this Court of the case styled, *ANDREA DIMARCO v. TARGET CORPORATION,* filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No.: CACE 20-010175 (21). As grounds for this removal, the Defendant states the following:

1. TARGET CORPORATION is a Defendant in a civil action brought against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Andrea Dimarco v. Target Corporation,* Case No.: CACE 20-010175 (21). *See* Pl.'s Compl. attached as Defendant's Exhibit "A."

2. In the Complaint, Plaintiff ANDREA DIMARCO alleges that on or about March 20, 2020, she was a business invitee of the Defendant TARGET CORPORATION on the premises located at 3200 North Federal Highway in Fort Lauderdale, Florida when she was injured due to an hole located in Defendant's parking lot. *Id.* Plaintiff has brought a cause of action for

negligence against TARGET. *Id.*

3. The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendant Target Corporation herein, pursuant to 28 U.S.C. §§ 1441 and 1446. *See Darden v. Ford Consumer Fin. Co., Inc.*, 200 F. 3d 753,755 (11th Cir. 2000) (Removal jurisdiction exists only where the district court would have had original jurisdiction over the action).

4. The Plaintiff's claim could have been filed in federal court originally, in that (a) it is an action between citizens of different states; and (b) it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## Complete Diversity Exists

5. Diversity exists between the parties as:

   a. **The Plaintiff is a citizen of Florida and is not a citizen of Minnesota**: The Plaintiff's Complaint is silent as to her State of citizenship and only indicates that she is a resident of Broward County, Florida. *See* Exhibit A.  *See Taylor v. Appleton,* 30 F. 3d 1365, 1367 (11th Cir. 1994) (Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person); *see* also 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (1984 & Supp. 2008); *Velazquez v. Advance Stores Co., Inc.,* No. 13-60740-CIV, 2013 WL 2005697, at *1 n.1 (S.D. Fla. May 15, 2013) (residency is not the equivalent of citizenship for diversity purposes).

   Accordingly, on or about August 6, 2020 the Defendant served Plaintiff with Requests for Admissions, to which Plaintiff responded on September 15, 2020

indicating that she is a citizen of Florida and she is not a citizen of Minnesota. *See* Defendant's Composite Exhibit "B," Defendant's Requests for Admissions and Plaintiff's corresponding responses thereto.

b. **Defendant Target Corporation is a citizen of the State of Minnesota**: TARGET CORPORATION is a foreign, for profit corporation registered in the State of Minnesota with its headquarters located in Minnesota. *See* Affidavit of Thomas W. Paradise, Esq., Counsel for Target Corporation, attesting to same, attached as Exhibit "C."

### The Amount in Controversy Exceeds $75,000.00

6. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

7. In her Complaint, the Plaintiff alleges damages in excess of $30,000.00, but with no dollar value affixed to any of the items of damages being claimed. *See* Exhibit A.

8. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See* 28 U.S.C.A. § 1446(b); *Bermudez v. Wal-mart Stores Texas, LLC. aka Walmart Supercenter #470*, No. C–10–127, 2010 WL 2486868 at 3 (S.D.Tex. 2010); *Foster v. The Home Depot Inc.*, No. Civ.A. 05-CV-1999, 2006 WL 470596 at 2 (E.D.Pa. 2006); *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 68 (E.D. Tex. 1997). Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." (emphasis added), *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010), *citing Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353,

1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F. 3d 1069, 1072 (11th Cir. 2000). The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard; a defendant may introduce its own affidavits, declarations or other documents provided that removal is procedurally proper. *Pretka v. Kolter City Plaza II, Inc*., 608 F. 3d 744 (11th Cir. 2010), also *see Williams v. Best Buy Co., Inc.,* 269 F. 3d 1316, 1319 (11th Cir. 2001); *Miedema v. Maytag Co.,* 450 F.3d 1322, 1330 (11th Cir. 2006); *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal" (quotation marks omitted)); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

9. Courts have held that responses to requests for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b). *Wilson v. Target Corp*., 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. 2010), *citing Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 121 n. 62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper"). Medical bills also constitute "other papers." *See Bermudez*, 2010 WL 2486868 at 3.

10. On September 15, 2020 the Plaintiff served upon the undersigned her Response to Defendant's Request for Production and Answers to Defendant's Interrogatories.

11. A review of the Plaintiff's medical records which were produced in response to Defendant's Request for Production indicate that the Plaintiff allegedly sustained a displaced fracture at the base of the fifth metatarsal, a distal fibula fracture and a tibiofibular ligament

sprain to her left foot/ankle as a result of the TARGET incident. *See* Exhibit "C". Plaintiff subsequently underwent surgery to her left foot on April 13, 2020 which included a left syndesmotic stabilization and left anterior talofibular ligamentous repair. *Id.*

12. TARGET has yet to receive all the Plaintiff's medical bills which are allegedly related to the TARGET incident. Nevertheless, Plaintiff's past medical bills do not account for any monetary compensation related to probable pain and suffering and future medical care that could potentially be awarded to her by a jury. Plaintiff alleges in her Complaint that she has sustained and will thereby be making claims for bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical and nursing care and treatment amongst other things. *See* Exhibit A.

13. Moreover, the undersigned has performed a verdict search for cases where plaintiffs have claimed similar injuries and undergone the same or similar surgical procedures as that claimed by the Plaintiff, ANDREA DIMARCO, and has found cases which have resulted in verdicts in excess of $75,000.  *See* Exhibit C.

14. Counsel for TARGET has had an opportunity to review the Plaintiff's aforementioned discovery responses and related medical records and bills and attests to the fact that if awarded, the value of the Plaintiff's claimed injuries would exceed the jurisdictional requirements of this Court.  *See* Exhibit "C;" *see also Black v. State Farm Mutual Automobile Ins. Co.*, No. 10–80996–CIV, 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22,2010) *citing Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010) ("A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden" of establishing jurisdiction). A defendant may remove a case to Federal Court based on its "valuation of the jurisdictional amount through examining the medical records provided by the Plaintiff in her [pre-suit] demand

package." *Katz v. J.C. Penney Corp., Inc.,* No. 09-CV-60067, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

15.     Based on: the nature of the various injuries suffered by the Plaintiff; her ensuing left ankle surgery allegedly as a result of the subject incident; the results of the undersigned's verdict search for cases where plaintiffs have claimed similar injuries and undergone the same or similar surgical procedures; and the monetary compensation related to pain and suffering that could be awarded to the Plaintiff by a jury the Defendant has provided the necessary "other paper" which allows TARGET and the Court to ascertain that the amount in controversy exceeds the $75,000 jurisdictional value.

### Removal is Timely pursuant to 28 U.S.C. § 1446(b)

16.     28 U.S.C. § 1446(b) states in pertinent part that: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17.     Although a defendant may utilize information from a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b). *Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890 (N.D. Fla. 1996). The thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of minimum jurisdictional amount of federal courts. *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283 (S.D. Fla. 2013)*, citing Chapman v. Powermatic, Inc*., 969 F. 2d 160 (5th Cir. 1992). This rule promotes certainty and judicial efficiency by not requiring courts to

inquire into what a particular defendant may or may not subjectively know. *Chapman* at 163. The policies regarding removal counsel against adopting a rule that would impute knowledge of pre-suit documents to defendants; congress has made clear its intent that defendants must be circumspect in deciding whether to remove a case. *Lambertson* at 1286, *citing Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 4855700 (M.D. Fla. 2009) (citing 28 U.S.C. § 1447 (c)). "As other courts have recognized, if pre-suit documents were allowed to trigger the thirty-day limitation in 28 U.S.C. 1446(b), defendants would be forced to guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests." *Lambertson* at 1286, *citing Village Square Condo. of Orlando, Inc.*, 2009 WL 4855700 at *4.

18.    The Plaintiff's Complaint was served upon the Defendant TARGET CORPORATION on June 29, 2020. The Complaint is silent as to the Plaintiff's citizenship and only states that Plaintiff is seeking damages in excess of $30,000.00. *See* Exhibit A. As such the Defendant served discovery upon the Plaintiff including Interrogatories, a Request for Production and a Request for Admissions. Plaintiff responded to these requests on September 15, 2020 and indicated in her Response to Request for Admissions that she is a citizen of Florida and not a citizen of Minnesota. *See* Composite Exhibit "B". Moreover, medical records provided in Plaintiff's response to Defendant's Request for Production indicated that Plaintiff sustained multiple fractures to her left foot/ankle for which she subsequently underwent surgery. Counsel for TARGET thereafter conducted a search of jury verdicts rendered in courts in the State of Florida relating to the injuries and the surgical procedure Plaintiff underwent. The search yielded verdicts throughout the state which are in excess of the $75,000.00 jurisdictional threshold of this Court.

19. Therefore, this Notice of Removal is timely filed and without waiver by TARGET, pursuant to 28 U.S.C. § 1446(b).

### Procedural Matters

20. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) and Local Rule 3.1 because this action is being removed from state court in which it was originally filed, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

21. Target will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

22. Copies of pleadings and filings made in the Circuit Court Case No.: CACE 20-010175 (21) are attached hereto and made a part hereof as Composite Exhibit "D."

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on October 15, 2020 to: Russell Cohen, Esquire [eservice1@wolfsonlawfirm.com; russell@wolfsonlawfirm.com].

**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd
First Floor
Hollywood, FL  33021
Ph: (954) 927-5330
Fax: (954) 927-5320
*Attorneys for Defendant, Target Corporation*

By:	*/s/ Megan Pariti*
	Megan Pariti, Esquire
	Florida Bar No.: 93817
	MPariti@Florida-Law.com
	Thomas. W. Paradise, Esquire
	Florida Bar No.: 907235
	TParadise@Florida-Law.com