IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. CACE-20-010175-21

ANDREA DIMARCO,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, and hereby sues, Defendants and alleges as follows:

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars yet is uncertain whether it exceeds $75,000.

2. The Plaintiff is a resident of BROWARD County and, at all times material hereto, was and is sui juris.

3. The Defendant is a Foreign Profit Corporation and is subject to the jurisdiction of this Court.

## COUNT I – NEGLIGENCE

4. The Plaintiff incorporates all of the allegations contained in Paragraphs 1-3 above as if fully set forth herein.

5. On or about March 20th, 2020, the Defendant owned, maintained, and/or operated the Target located at or near the address of 3200 N Federal Hwy, Fort Lauderdale, FL 33306-1062 which is hereinafter referred to as "the premises".

6. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by tripping on a hole in the parking lot

because of the Defendant's negligent acts.

7. Defendant by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

   A. By carelessly and negligently creating a dangerous condition to wit: a tripping and falling hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

   B. By carelessly and negligently failing to maintain the premises in a reasonably safe condition, Defendant created a dangerous condition to wit: a tripping and falling hazard to patrons who were ambulating on the aforesaid premises, including, specifically, the Plaintiff; and

   C. By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a tripping hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

   D. By negligently failing to warn the Plaintiff of a dangerous condition (a tripping hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

   E. By allowing a condition to exists with such regularity that it can be inferred that they knew or should have known of its existence.

8. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 7(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served together with a Request for Production, Interrogatories, and Summons.

WOLFSON LAW FIRM, LLP
Attorneys for Plaintiff
3399 S.W. 3rd Avenue
Miami, FL 33145
Telephone (305) 285-1115
Facsimile (305) 285-1608
eservice1@wolfsonlawfirm.com

/s/ Russell Cohen
By: _____
RUSSELL A. COHEN, ESQ.
FLA. BAR NO. 649597
JONAH M. WOLFSON, ESQ.
FLA. BAR NO. 498130